# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS THOMAS, | ) 1:09-cv-02252 OWW MJS HC |
| Petitioner, | ) |
| | ) FINDINGS AND RECOMMENDATION |
| v. | ) REGARDING RESPONDENT'S MOTION |
| | ) TO DISMISS |
| JAMES HARTLEY, Warden, | ) [Doc. 18] |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondent is represented in this action by Pamela B. Hooley, Esq., of the Office of the Attorney General for the State of California.

## I.    BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Alameda. (See Pet, ECF No. 1.). Petitioner asserts that the "application of Proposition 9... subject[s] Petitioner to a significant risk of prolonging his incarceration, in violation of due process, due notice, the sixth amendment and ex post facto principles of law protected by the 14th Amendment to the

1   United States Constitution. (Pet. at 10.)

2        On August 13, 2010, Respondent filed a motion to dismiss the petition for failure to

3   state a cognizable claim. Petitioner filed an opposition to the  motion to dismiss on September

4   3, 2010, and on September 10, 2010, Respondent filed a reply.

5   II.    **DISCUSSION**

6        **A.    Procedural Grounds for Motion to Dismiss**

7        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

8   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

9   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

10  Cases.

11       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

12  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

13  violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

14  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

15  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

16  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

17  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

18  after the court orders a response, and the Court should use Rule 4 standards to review the

19  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

20       Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section

21  2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on

22  its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

23  answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist.

24  LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition

25  pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for

26  writ of habeas corpus should not be dismissed without leave to amend unless it appears that

27  no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d

28  13, 14 (9th Cir. 1971).

U.S. District Court
E. D. California

1    **B.    Discussion**

2        Petitioner's claims are ambiguous.

3        First, Proposition 9, approved by California voters in 2008, amended California Penal

4    Code § 3041.5[1] to defer the intervals between parole consideration hearings for longer periods

5    of time. Id. However, while Petitioner claims that he is challenging Proposition 9, he also states

6    that he is not challenging California Penal Code § 3041.5, the statute that Proposition 9

7    amends. (Opp'n. at 1.)

8        Second, Petitioner contends he is challenging California Penal Code § 3041(a)(2)(3).

9    There is, however, as Respondent notes, no subpart (2) or (3) to California Penal Code §

10   3041(a). Id. Since the subparts called into question by Petitioner do not exist, this Court can

11   not address questions regarding them.

12       Petitioner insists, despite his reliance on Hayward v. Marshall, 603 F.3d 546 (9th Cir.

13   2010), that he is not challenging parole hearings.  Moreover, it does not  appear Petitioner

14   believes the increased time between  parole hearings violates the Ex Post Facto Clause. See

15   Gilman v. Davis, 690 F.Supp.2d 1105 (E.D. Cal. 2010).

16       Reading Petitioner's claims liberally, it appears he may be challenging Proposition 9

17   based on the fact that it may affect his ability to be released in the future.

18       Section 3041(a) reads in its entirety as follows:

19           In the case of any inmate sentenced pursuant to any
     provision of law, other than Chapter 4.5 (commencing with Section
20   1170) of Title 7 of Part 2, the Board of Parole Hearings shall meet
     with each inmate during the third year of incarceration for the
21   purposes of reviewing the inmate's file, making recommendations,
     and documenting activities and conduct pertinent to granting or
22   withholding postconviction credit. One year prior to the inmate's
     minimum eligible parole release date a panel of two or more
23   commissioners or deputy commissioners shall again meet with the
     inmate and shall normally set a parole release date as provided in
24   Section 3041.5. No more than one member of the panel shall be
     a deputy commissioner. In the event of a tie vote, the matter shall
25   be referred for an en banc review of the record that was before the
     panel that rendered the tie vote. Upon en banc review, the board
26

27       [1]This statute governs parole hearings, rights of prisoners, written statements by the parole board,
28   rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits
     in California Penal Code § 3041.5.

1           shall vote to either grant or deny parole and render a statement of
2           decision. The en banc review shall be conducted pursuant to
         subdivision (e). The release date shall be set in a manner that will
3           provide uniform terms for offenses of similar gravity and
         magnitude with respect to their threat to the public, and that will
4           comply with the sentencing rules that the Judicial Council may
         issue and any sentencing information relevant to the setting of
5           parole release dates. The board shall establish criteria for the
         setting of parole release dates and in doing so shall consider the
6           number of victims of the crime for which the inmate was
         sentenced and other factors in mitigation or aggravation of the
7           crime. At least one commissioner of the panel shall have been
         present at the last preceding meeting, unless it is not feasible to
8           do so or where the last preceding meeting was the initial meeting.
         Any person on the hearing panel may request review of any
9           decision regarding parole for an en banc hearing by the board. In
         case of a review, a majority vote in favor of parole by the board
10          members participating in an en banc review is required to grant
         parole to any inmate.

11      Cal. Penal Code § 3041(a).

12

13  It appears Petitioner feels  he is being exposed to a significant risk of prolonged incarceration

14  by virtue of  deprivation of good-time and/or work-time conduct credits in violation of the Ex

15  Post Facto Clause. (Opp'n at 2.)

16      The United States Constitution prohibits states from passing any "ex post facto Law."

17  U.S. Const., Art. I, § 10. A law is an ex post facto law if it meets two conditions. First, "it must

18  apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29, 101 S.

19  Ct. 960, 67 L. Ed. 2d 17 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336

20  F.3d 1007, 1011 (9th Cir. 2003). It must also disadvantage the person affected by either

21  altering the definition of criminal conduct or increasing the punishment for the crime. Id. The

22  ex post facto prohibition applies in the context of prison time credits. Weaver, 450 U.S. at 35-

23  36 (ex post facto prohibition applied to state statute reducing the amount of good time credits

24  which could be earned by prisoners); Hunter, 336 F.3d at 1011 (ex post facto prohibition

25  applied to regulations that eliminated restoration of forfeited good time credits for serious

26  infractions). In the context of prison time credits, "the core question for ex post facto purposes

27  is whether the changed law imposes 'punishment more severe than the punishment assigned

28  by law when the act to be punished occurred.'" Hunter, 336 F.3d at 1011 (quoting Weaver, 450

1   U.S. at 30.)

2       Petitioner is correct that under California law, "good time" credits are a right, rather than

3   a discretionary award, and therefore he has a liberty interest in good time credits for purposes

4   of determining whether his due process rights are violated. <u>See</u> <u>Hayward</u>, <u>supra</u>. However, in

5   order to bring this claim in federal court, petitioner must demonstrate that he has suffered an

6   injury-in-fact or that the alleged deprivation is (a) concrete and particularized and (b) actual or

7   imminent, not just speculative or hypothetical. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555,

8   560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); <u>see also</u> <u>Matter of Extradition of Lang</u>, 905

9   F.Supp. 1385, 1397 (C.D.Cal. 1995) (mere unconstitutionality of statute does not create

10  standing as plaintiff must claim some particularized injury resulting from application of statute).

11  A "speculative and attenuated possibility" of increasing an inmate's punishment is "insufficient

12  to violate the ex post facto clause." <u>Hunter</u>, 336 F.3d at 1012 (quoting <u>Cal. Dep't of Corr. v.</u>

13  <u>Morales</u>, 514 U.S. 499, 509, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995)).

14      Here, as noted by Respondent, Petitioner does not articulate a specific deprivation of

15  credits; rather he references only a theoretical deprivation in the future.

16      In addition, as noted, Petitioner has failed to accurately identify the law Petitioner

17  believes has been changed in such a way as to deprive him of good time or work time credits.

18      Accordingly, the Court recommends that Respondent's motion to dismiss the petition

19  for failure to state a cognizable claim be granted. However, the Court also recommends that

20  Petitioner be granted leave to file an amended petition. If Petitioner chooses to file an

21  amended petition, he must accurately identify the statute or regulation he claims has worked

22  a deprivation of his good time or work time credits. He must include facts supporting his claim

23  that he has suffered such a deprivation, not just that he may suffer same in the future.

24  **III.    CONCLUSION**

25      For the reasons set out above, Petitioner has failed to state a cognizable claim for

26  relief. Thus the motion to dismiss should be granted. However, Petitioner should be granted

27  leave to amend the petition to attempt to accurately state grounds for relief.

28  ////

U.S. District Court
E. D. California

## IV.    **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED based on Petitioner's failure to state a cognizable claim for relief. The Court further RECOMMENDS that Petitioner be granted thirty (30) days leave to amend the petition to more accurately state grounds for relief.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    December 6, 2010            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE