UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS THOMAS, | 1:09-cv-02252 LJO MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S FIRST AMENDED PETITION |
| JAMES HARTLEY, Warden, | [Doc. 24] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Pamela B. Hooley, Esq., of the Office of the Attorney General for the State of California.

I. **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Alameda. (See Pet, ECF No. 1.) On August 13, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. On February 3, 2011, the Court adopted the findings and recommendation of the Magistrate Judge and granted the motion to dismiss. However, due to the inability to determine the claims presented by Petitioner, the Court granted Petitioner

1  leave to amend the petition. The Court admonished Petitioner that if he filed an amended
2  petition, "he must accurately identify the statute or regulation he claims has worked a
3  deprivation of his good time or work time credits. He must include facts supporting his claim
4  that he has suffered such a deprivation, not just that he may suffer same in the future." (F&R
5  at 5, ECF No. 21.)

6  On February 3, 2011, Petitioner filed a first amended petition. The Court shall therefore
7  review the First Amended Petition in light of Petitioner's prior petition and the motion to dismiss
8  that was previously granted.

9  **II.    DISCUSSION**

10     **A.    Procedural Grounds for Motion to Dismiss**

11  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
12  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
13  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
14  Cases.

15  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
16  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
17  violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
18  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
19  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
20  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
21  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
22  after the court orders a response, and the Court should use Rule 4 standards to review the
23  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

24  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section
25  2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on
26  its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an
27  answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist.
28  LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition

1 pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, the Court granted Respondent's motion to dismiss, and allowed Petitioner to file an amended petition. The Court shall review the amended petition in light of the Court's earlier findings.

**B.     Discussion**

In his original petition, Petitioner asserted the following claim:

> California Penal Code §3041(a)(b), and California Code of Regulations §2402 as codified into law in 1978 (Proposition 7 Briggs initiative) unconstitutionally aggravated facts of petitioners' crime not found or proven by a jury; and exposed petitioner to a significant risk of increased incarceration to a punishment of LWOP pursuant to California Penal Code's §190.1 thru §190.5 and applicable language, (especially heinous, atrocious, cruel manifesting exceptional depravity or felony murder, to be found/proven by a jury); denying petitioner his liberty; and that application of Proposition 9 demonstrates this fact by subjecting petitioner to a significant risk of prolonging his incarceration, in violation of due process, due notice, the Sixth Amendment and ex post facto principles of law protected by the 14th Amendment to the United States Constitution.

(Pet. at 10.)

In the amended petition, Petitioner presents the following claim:

> The Warden J. Hartley, has set in motion a series of acts by others to apply prior Cal. P.C. 3041.5, and retroactively amended Proposition 9, Cal. P.C. 3041.5 and 3041(a), to deny Petitioner the fundamental right and liberty interest to application of good-time, work-time conduct credits, and release at the expiration of a minimum eligible release date without the due process of law established for denial only for disciplinary misconduct, in violation of due process and ex post facto principles of law, protected by the due process clause and the fourteenth amendment to the United States Constitution.

Once again, Petitioner's claims are vague and ambiguous. Further, Petitioner does not cite to a specific incident or provide factual support of the action for which he is requesting relief.

      1.     Minimum Eligible Parole Date

It appears from the amended petition that Petitioner is challenging his failure to be released upon reaching his minimum eligible parole date ("MPED"). However, inmates serving

indeterminate sentences have no right to be released at that time. Instead, those inmates are eligible for parole suitability hearings, at which time the Board of Parole Hearings determines if the inmate should be released. A life prisoner's MEPD is the "earliest date on which an Indeterminate Sentence Law or life prisoner may be legally released on parole." See Cal. Code Regs., titl. 15, § 3000; see also Cal. Code Regs., tit. 15, § 2000(b)(67). California Department of Corrections and Rehabilitation determines the MEPD. See Cal. Code Regs., tit. 15, § 2400. But, "[t]he length of time a prisoner must serve prior to actual release on parole is determined by the Board." Id.

Petitioner has no right to release at that time, and any claim based on such theory must be dismissed.

### 2.     Challenges to Parole Hearings

Further, to the extent that Petitioner is challenging the determination of the Board of Parole Hearings, this Court lacks authority to review claims of substantive due process relating to the decision to deny parole. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

The procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Supreme Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

Petitioner does not present any claims that he was not provided a right to speak, given access to records, or notified of the reasons for any decision denying parole. Accordingly, to the extent Petitioner's claims that his due process has been violated based on substantive reasons, Petitioner's claim must be dismissed.

### 3. Ex Post Facto Claims

Petitioner again presents ex post facto claims based on Proposition 9, which was approved by California voters in 2008 and which amended California Penal Code § 3041.5[1] to defer subsequent parole consideration hearings for longer periods of time. Id. Proposition 9, also known as Marsy's Law, potentially is a retroactive application of a parole statute in violation of the ex post facto clause because the application of that statute results in an increased parole deferral period and a longer term of incarceration. See Gilman v. Schwarzenegger, No. 10-15471, 2010 U.S. App. LEXIS 26975 at *4-8, 2010 WL 4925439 (9th Cir. Dec. 6, 2010) (describing the changes to extend the deferral period for subsequent parole hearings from a range of one to five years to a range of three to fifteen years). Based on the potential increased length of parole deferral periods "changes required by Proposition 9 appear to create a significant risk of prolonging [prisoners'] incarceration." Id. at *17 (citation omitted). Despite such appearance, the Ninth Circuit reversed the grant of a preliminary injunction to a class of plaintiffs based on a failure to show a likelihood of success on the

---

[1] This statute governs parole hearings, rights of prisoners, written statements by the parole board, rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits in California Penal Code § 3041.5.

1  merits of such a challenge. Id. at *25. The decision was based on the presumption that
2  Marcy's Law allows for, and that the Board will schedule, advance parole hearings that
3  theoretically could be provided before the three year minimum deferral period. Id. at *17-25.
4  However, the underlying litigation is still pending. See Gilman v. Brown, CIV-S-05-0830 LKK
5  GGH, 2008 U.S. Dist. LEXIS 17949.[2]

6        Petitioner's claim raises conceptual problems due to the fact that a 42 U.S.C. § 1983
7  action is pending with respect to the validity of the Marsy's Law provision at issue.

8        As described above, Gilman v. Brown has been certified as a class action. The
9  parameters of the Gilman class, as is made clear in the order certifying the class, likely include
10 Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[3] The Gilman
11 class consists of: California state prisoners who: "(i) have been sentenced to a term that
12 includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for
13 parole; and (iv) have been denied parole on one or more occasions." 2009 U.S. Dist. LEXIS
14 21614 at *11.[4]  Petitioner is serving a life term with the possibility of parole and is potentially
15 challenging a parole suitability hearing.

16       A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for
17 challenging the constitutionality of Marsy's Law as Petitioner seeks to do here.  The Supreme
18 Court has found that where prisoners seek the invalidation of state procedures used to deny
19 parole suitability or eligibility, but did not seek an injunction ordering their immediate release
20 from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544
21 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005). Here, Petitioner challenges the
22 validity of a parole statute or regulation on the basis that its application to him violates the ex

---

24    [2]A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994);
25 MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of
the Gilman v. Brown matter.

26    [3]See Docket # 182 of Case No. 05-CV-0830.

27    [4]As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class.
28 See Docket # 258 in Case No. 05-CV-0830.

U.S. District Court
E. D. California                                    -6-

1  post facto clause. Petitioner's ultimate goal is a speedier release from incarceration. However,
2  the immediate relief sought in this claim, and in Gilman, is a speedier opportunity to attempt
3  to convince the Board once again that he should be released. Such a claim is too attenuated
4  from any past finding by the Board for such a claim to sound in habeas. Furthermore, a
5  plaintiff who is a member of a class action for equitable relief from prison conditions may not
6  maintain a separate, individual suit for equitable relief involving the same subject matter of the
7  class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v.
8  Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable
9  relief from alleged unconstitutional prison conditions cannot be brought where there is an
10 existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc)
11 ("To allow individual suits would interfere with the orderly administration of the class action and
12 risk inconsistent adjudications."). If Petitioner seeks relief speedier than that being adjudicated
13 for the other class members, he can raise that issue by requesting to opt out of the class
14 action.   McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2nd Cir. 2009).

15  Accordingly, it is recommended that Petitioner's claim with respect to Marsy's Law be
16 dismissed without prejudice to its resolution in the Gilman class action.

17  Petitioner does not present any cognizable claims, despite having been given leave to
18 amend to restate his claims. The Court recommends that the petition for habeas corpus be
19 dismissed with prejudice but for Petitioner's ex post facto claims which should be dismissed
20 without prejudice in light of Gilman.

21 **III.    RECOMMENDATION**

22  Accordingly, the Court HEREBY RECOMMENDS that the amended petition be
23 dismissed based Petitioner's failure to state a cognizable claim for relief.

24  This Findings and Recommendation is submitted to the assigned United States District
25 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
26 Local Rules of Practice for the United States District Court, Eastern District of California.
27 Within thirty (30) days after the date of service of this Findings and Recommendation, any
28 party may file written objections with the Court and serve a copy on all parties.  Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 2, 2011                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE