1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   DENNIS THOMAS,                          )   1:09-cv-02252 LJO MJS HC
                                            )
11                   Petitioner,            )   ORDER DENYING PETITIONER'S
                                            )   MOTION FOR RECONSIDERATION
12          v.                              )
                                            )   (Doc. 33)
13                                          )
      JAMES HARTLEY, Warden,                )
14                                          )
                     Respondent.            )
15                                          )
      _____ )
16

17   **I.      PROCEDURAL HISTORY**

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254 filed on October 19, 2009. (Pet., ECF No. 1.) In his petition,

20   Petitioner contends, based on various constitutional grounds, that regulations and actions by

21   the warden have improperly increased the term of his incarceration. On June 14, 2010, the

22   Court ordered Respondent to file a response. (Order, ECF No. 15.) On August 13, 2010,

23   Respondent filed a motion to dismiss the petition. (Mot. to Dismiss, ECF No. 18.) On

24   December 7, 2010, the Magistrate Judge issued findings and a recommendation that the

25   petition be dismissed for failure to state a cognizable claim. (Findings and Recommendation,

26   ECF No. 21.) On February 3, 2010, the Court adopted the findings and recommendation, but

27   instead of denying the petition, granted Petitioner leave to amend the petition to more clearly

28   state his claims. (Order, ECF 23.)

Petitioner filed a first amended petition on February 3, 2011. (First Am. Pet., ECF No. 24.) On November 3, 2011, the Magistrate Judge again issued findings and a recommendation to dismiss the petition. (Findings and Recommendation, ECF No. 27.) On December 9, 2011, the Court adopted the findings and recommendation and dismissed the petition. (Order, ECF No. 29.)

On December 13, 2011, Petitioner filed objections to the findings and recommendation, and on December 27, 2011, Petitioner filed a motion to vacate the order adopting the findings and recommendation. (Obj. and Mot. To Vacate, ECF Nos. 31, 33.) The Court has construed Petitioner's filings as a motion for reconsideration requesting that the Court reconsider its dismissal of the petition, reopen the matter, and grant petitioner relief. (Mot. to Vacate at 3.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

1    Here, Petitioner has failed to meet any of the requirements for granting a motion for

2  reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect,"

3  provided newly discovered evidence, shown the judgment to be either void or satisfied, or

4  provide any other reasons justifying relief from judgment. Moreover, pursuant to the Court's

5  Local Rules, Petitioner has not provided "new or different facts or circumstances claimed to

6  exist which did not exist or were not shown upon such prior motion, or what other grounds

7  exist for the motion." Local Rule 230(j).

8    Instead, the arguments raised in the opposition to the findings and recommendation

9  and the instant motion for reconsideration repeat the arguments presented the petition.

10 Specifically, Petitioner alleges that the Board of Parole Hearings lacks authority and improperly

11 lengthened the term of his sentence by not finding him suitable for parole. The court has

12 already addressed these claims in its decision. Petitioner was sentenced to an indeterminate

13 sentence, and while eligible, is not guaranteed release on parole. Accordingly, being found

14 unsuitable for parole affects how long Petitioner will be incarcerated, but does not change the

15 term of his sentence which includes an upper term of life in prison. Further, to the extent that

16 Petitioner claims that the Board of Parole Hearings relied on impermissible evidence, this

17 Court lacks authority to review claims of substantive due process relating to the decision to

18 deny parole. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

19   Because the Motion for Reconsideration provides no new evidence or circumstances

20 that would satisfy the requirements of Rule 60(b), it must be denied.

21 **III.    ORDER**

22   Accordingly, it is ORDERED that Petitioner's Motion for Reconsideration (Doc. 33.) is

23 DENIED.

24

25 IT IS SO ORDERED.

26 **Dated:    January 4, 2012**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

27

28